### THOMAS ADAMS v. STATE.

No. A-4421.   Opinion Filed Feb. 11, 1924.

(222 Pac. 708.)

(Syllabus.)

**Burglary—Evidence Sustaining Conviction.** In a prosecution for burglary, evidence considered, and held sufficient to support the conviction, and that no material error was committed on the trial.

Appeal from District Court, Rogers County; C. W. Mason, Judge.

Thomas Adams was convicted of burglary, and he appeals. Affirmed.

Giddings & Giddings, Bert Van Leuven, and George H. Giddings, for plaintiff in error.

George F. Short, Atty. Gen., and G. B. Fulton, Asst. Atty. Gen., for the State.

DOYLE, J.  Thomas Adams was convicted of burglary, and his punishment fixed at imprisonment in the penitentiary for the term of 5 years.  He has appealed from the judgment rendered upon such conviction.

The information charged a breaking and entering in the nighttime of a storeroom occupied and owned by J. L. Beatty, in the town of Talala, with intent to steal.  The following facts are undisputed, or fairly shown by the evidence:

On the night of the 3d day of October, 1920, J. L. Beatty closed his store and locked the door in the usual way. Some time during the night the store was burglarized and $600 or $700 worth of merchandise taken.  The next morning Mr. Beatty discovered that his store had been burglarized and called the officers.  A posse of five men was organized, and started in pursuit of the burglars.  The posse followed the tracks of a big automobile with diamond tread tires into Nowata county, and to the city of Nowata.  There two officers of Nowata county joined with the posse.  They followed the trail to Lenapah, and from there across the Verdigris river some 6 or 7 miles, where the trail left the road and turned off northeast into the hills. They followed the trail up into the hills, to a place where the fence had been opened.  There they left their car and followed the trail on foot into the brush, and saw a big car standing in the underbrush. Four or five men were sitting around a tarpaulin on the ground playing cards.  Seeing the officers, all but one jumped up and ran into the underbrush.  The one remaining was the defendant, Adams.  He jumped up with a pistol in his hands and faced the officers, and was reaching for a Winchester rifle nearby when two of the officers fired at him.   One

of the shots took effect in his hip. Nearly all of stolen merchandise was found in the car. The hat, shirt, and shoes worn by the defendant were identified as a part of the property stolen. They put Adams in the car and drove back to Nowata, where he was placed in jail and under the care of a doctor.

The defendant, as a witness in his own behalf, testified:

"I went hunting that morning, and went over the hill into the hollow. I guess I was within 50 feet of the car before I noticed it. I stepped around and saw four men playing poker. They said, 'Come on up here,' and wanted to know what I was doing out there. I told them, 'Hunting.' I had a shotgun and a .45 Colt's with me. One said, 'We are having a stud game; do you want to take a hand?' I said, 'Yes;' and they said, 'Well, get in.' The tarpaulin they were playing on was about 15 feet north of the car. I judge we played there about two hours before the officers came. One of them went broke and tried to borrow some money. He asked me what I would give him for his shoes. I told him, if the shoes would fit me, I would buy them. I tried them on and asked him what he wanted for them. He said, 'Ten dollars.' I offered him a $5 bill, and he took it. A few minutes afterwards somebody whistled. Everybody jumped up and ran. I saw John Cansdel, and I knew they were officers. I started towards them, and that is when they shot me. From there on I really do not know what took place. This was the first time I had seen any of those fellows. I was not down to the town of Talala the night before."

The errors assigned and argued relate to rulings of the court in the admission and exclusion of evidence, but none of them involve the merits of the case. A careful reading of the record convinces us that no error prejudicial to the substantial rights of the defendant was committed on the trial. The case appears to have been fairly tried and the verdict appears to have been fully justified by the evidence.

Accordingly the judgment is affirmed.

MATSON, P. J., and BESSEY, J., concur.